T.C. Memo. 1997-301


UNITED STATES TAX COURT


FRED AND MARY GILLETTE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1423-96.                    Filed June 30, 1997.


Fred Gillette and Mary Gillette, pro sese.

<u>Mark A. Weiner</u>, for respondent.


MEMORANDUM OPINION


FOLEY, <u>Judge</u>:  By notice dated December 6, 1995, respondent
determined a deficiency in petitioners' 1992 Federal income tax
of $40,513 and an accuracy-related penalty of $8,103.  After
concessions, the issue we must decide is whether petitioners,

pursuant to section 104(a)(2), are entitled to exclude amounts received in settlement of a class action suit. We hold they are not.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts have been fully stipulated under Rule 122 and are so found. At the time the petition was filed, petitioners resided in Bakersfield, California.

On June 1, 1979, a class action suit against State Farm General Insurance Co., State Farm Mutual Automobile Insurance Co., State Farm Life Insurance Co., and State Farm Fire and Casualty Co. (State Farm) was filed in the U.S. District Court for the Northern District of California, Kraszewski v. State Farm Gen. Ins. Co. The plaintiffs alleged that State Farm, in violation of title VII of the Civil Rights Act of 1964 (Title VII), had discriminated against women in the hiring of its insurance agents. On November 6, 1981, the District Court bifurcated the litigation into a liability and a remedy phase.

On April 29, 1985, the District Court ruled in the liability phase that State Farm was liable under Title VII for classwide discrimination on the basis of sex. Specifically, it ruled that women who attempted to become trainee agents were "lied to,

misinformed, and discouraged in their efforts to obtain the entry level sales position."  The court found State Farm liable with respect to "all female applicants and deterred applicants who, at any time since July 5, 1974, have been, are, or will be denied recruitment, selection and/or hire as trainee agents by defendant companies within the State of California."

Mary Gillette was a member of the class action suit and prevailed in her claim.  As a result, in 1992 State Farm issued petitioner and her attorney a $155,888 check.  Petitioner's attorney retained legal fees of $31,226, and the balance was paid to petitioner.  None of the $155,888 amount was reported or disclosed on petitioners' return.  Respondent determined that the entire $155,888 should have been included in petitioners' gross income.

### Discussion

This case requires the Court to revisit the taxability of the proceeds received by a claimant who was a member of the class of plaintiffs in Kraszewski v. State Farm Gen. Ins. Co.  In each of our prior cases, we held that none of the proceeds were excludable from the taxpayer's gross income.  See Hayes v. Commissioner, T.C. Memo. 1997-213; Hardin v. Commissioner, T.C. Memo. 1997-202; Raney v. Commissioner, T.C. Memo. 1997-200; Clark v. Commissioner, T.C. Memo. 1997-156; Berst v. Commissioner, T.C. Memo. 1997-137; Martinez v. Commissioner, T.C. Memo. 1997-126; Fredrickson v. Commissioner, T.C. Memo. 1997-125.  Petitioner has

presented no new facts or contentions.  Accordingly, we sustain respondent's determination that the $155,888 is not excludable under section 104(a)(2).

We have considered all other arguments made by the parties and found them to be either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.